IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TIMOTHY VAN KIRK, )
 )
    Plaintiff, )
 )
 ) CIVIL ACTION
v. )
 ) FILE NO.: 10A32198-6
CUSTOM TRUCK AND EQUIPMENT, )
INC., ROBERT JOSEPH BECKER, )
CHEROKEE INSURANCE COMPANY, )
NIKITA GIDEON, JOHN DOE 2, )
ABC CORP., AND XYZ CORP., )
 )
    Defendants. )
_____)

## COMPLAINT

COMES NOW TIMOTHY VAN KIRK, Plaintiff herein, and files this Complaint against Defendants CUSTOM TRUCK AND EQUIPMENT, INC., ROBERT JOSEPH BECKER, CHEROKEE INSURANCE COMPANY, NIKITA GIDEON, JOHN DOE 2, ABC CORP., AND XYZ CORP. and shows this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

This claim is a renewal action filed pursuant to O.C.G.A. § 9-2-61. The previous action was filed in the State Court of Fulton County, Civil Action Number 2008EV004411E, on April 3, 2008. The Fulton County case was subsequently transferred to the State Court of Cherokee County, Civil Action Number 08-SC-1784. All costs of the previous action have been paid pursuant to O.C.G.A. § 9-11-41(d). The previous action involved the same parties, involved substantially the same claims, and was a valid action with proper service upon Defendants Custom Truck and Equipment, Inc., Robert Joseph Becker, Cherokee Insurance Company, and Nikita Gideon. The previous action in

Cherokee County was dismissed without prejudice by Plaintiff on July 23, 2010. This renewal action is filed within six (6) months of Plaintiff's voluntary dismissal without prejudice of the previous action.

2.

Plaintiff is a resident of DeKalb County, Georgia. Pursuant to O.C.G.A. § 40-12-3, venue is proper where the Plaintiff resides since Defendants all reside outside of the state of Georgia. Additionally, removal of this action to a federal district court pursuant to 28 U.S.C. § 1446 is no longer proper since more than one year has passed since the commencement of this action. See Hattaway v. Engelhard Corp., 998 F. Supp. 1479 (M.D. Ga. 1998).

3.

Defendant Custom Truck And Equipment, Inc. ("Defendant CT&E") is a foreign corporation believed to be organized under the laws of Michigan, with its principal office of business located at W5784 County Road 338, Wallace, Michigan 49893. Defendant CT&E is subject to the jurisdiction and venue of this Court. This Court has personal jurisdiction over Defendant CT&E pursuant to O.C.G.A. § 9-10-91. Service of process may be perfected upon Defendant CT&E through its registered agent, Robert J. Becker, Jr. at the following address: W5784 County Road 338, Wallace, Menominee County, Michigan 49893. Additionally, Defendant CT&E, through counsel, has agreed to acknowledge service.

4.

Defendant Robert Joseph Becker, ("Defendant Becker") is an individual and a resident of Menominee County, Michigan and is subject to the jurisdiction and venue of this Court. This Court has personal jurisdiction over Defendant Becker pursuant to O.C.G.A. § 9-10-91. Service of process

may be perfected upon Defendant Becker at the following address: W5742 County Road 338, Wallace, Menominee County, Michigan 49893. Additionally, Defendant Becker, through counsel, has agreed to acknowledge service.

5.

Defendant Cherokee Insurance Company ("Defendant Cherokee") is a foreign corporation and authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Defendant Cherokee's principal office of business is located at 34200 Mound Road, Sterling Heights, Michigan 48310. Service of process may be perfected upon Defendant Cherokee through its registered agent, Chief Financial Officer, at the following address: P.O. Box 6200 32314-6200, 200 E. Gaines Street, Talahassee, FL 32399. Additionally, Defendant Cherokee, through counsel, has agreed to acknowledge service.

6.

Defendant Nikita Gideon ("Defendant Gideon") is an individual and a resident of Knox County, Tennessee and is subject to the jurisdiction and venue of this Court. This Court has personal jurisdiction over Defendant Gideon pursuant to O.C.G.A. § 9-10-91. Service of process may be perfected upon Defendant Gideon at the following address: 8322 Bell Road, Knoxville, Tennessee 37938.

7.

Defendant ABC Corp. is an entity or person that performed vehicle escort services for the tractor-trailer rig involved in the subject incident, and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other

Defendant against Defendant ABC Corp. Defendant ABC Corp. will be named and served with the Summons and Complaint once its identity is revealed.

8.

Defendants XYZ Corp. and John Doe 2 are entities or persons that owned and/or operated the tractor and/or trailer involved in the subject collision and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendants XYZ Corp. and John Doe 2. Defendants XYZ Corp. and John Doe 2 will be named and served with the Summons and Complaint once their identities are revealed.

## ALLEGATIONS

9.

On or about April 19, 2006, at approximately 1:30 p.m., Plaintiff was operating a 1987 Chevrolet westbound on Georgia Highway 53 in Pickens County, Georgia.

10.

Prior to and on April 19, 2006, Defendants CT&E, Becker, XYZ Corp., and John Doe 2 owned, operated, and/or controlled a 1985 Peterbilt Tractor, V.I.N. 1XP9D29XXFP184725, and a trailer attached to it for use over public highways.

11.

Prior to and on April 19, 2006, Defendants CT&E, Becker, XYZ Corp., and John Doe 2 failed to exercise reasonable care for the safety of others who might be affected by their actions and negligently operated and/or allowed the negligent operation of the above-mentioned 1985 Peterbilt Tractor and its trailer while the tractor and/or trailer and its driver were in violation of legally mandated minimum safety requirements and violated multiple Federal laws, Georgia laws, and rules

of the road, and, on April 19, 2006, at approximately 1:30 p.m., said violations caused a collision between Plaintiff's vehicle and Defendants' tractor-trailer and proximately caused serious injuries to Plaintiff.

12.

Prior to and on April 19, 2006, Defendants ABC Corp. and Gideon failed to exercise reasonable care for the safety of others who might be affected by their actions and negligently assisted in the operation of the above-mentioned 1985 Peterbilt Tractor and its trailer, negligently performed their duties as an escort vehicle, and violated multiple Federal laws, Georgia laws, and rules of the road, and, on April 19, 2006, at approximately 1:30 p.m., said negligence and legal violations caused a collision between Plaintiff's vehicle and Defendants' tractor-trailer and proximately caused serious injuries to Plaintiff.

13.

On April 19, 2006, at approximately 1:30 p.m., Defendant Becker and/or John Doe 2, who were employees/agents of Defendants CT&E and/or XYZ Corp., were operating the above-mentioned 1985 Peterbilt Tractor and its trailer eastbound on Georgia Highway 53 in Pickens County, Georgia. Defendants Becker and/or John Doe 2 were operating said tractor-trailer in violation of multiple Federal laws, Georgia laws, and rules of the road, including, but not limited to, failure to maintain control of the tractor-trailer, operating the tractor-trailer on the wrong side of the road, operating the tractor-trailer in violation of its permitting, and operating the tractor-trailer without a proper vehicle escort, causing a collision between Plaintiff's vehicle and said tractor-trailer and proximately causing serious injuries to Plaintiff.

14.

On or about April 19, 2006, Defendants improperly used a roadway on which they were not properly permitted to operate the tractor-trailer which was carrying an oversized load, causing the tractor and/or trailer to be in violation of multiple Federal laws, Georgia laws, and rules of the road, and, on April 19, 2006, at approximately 1:30 p.m., said violations caused a collision between Plaintiff's vehicle and said tractor-trailer and proximately caused serious injuries to Plaintiff.

15.

At all times relevant hereto, Defendants Becker and/or John Doe 2 were operating Defendant CT&E's vehicle and/or XYZ Corp.'s vehicle in a reckless and negligent fashion which resulted in the above-described collision and proximately caused serious injuries to Plaintiff.

16.

At all times relevant hereto, Defendants ABC Corp. and/or Gideon were negligently assisting in the operation of Defendants CT&E's and/or XYZ Corp.'s tractor-trailer and negligently escorting said tractor-trailer which resulted in the above-described collision and proximately caused serious injuries to Plaintiff.

17.

Defendants CT&E and XYZ Corp. are liable under the doctrine of respondeat superior for the harm caused to Plaintiff by the wrongful acts of their employees, Defendants Becker and/or John Doe 2, who were acting in the scope and course of their employment with Defendant CT&E and/or XYZ Corp. and during the actual transaction of Defendants CT&E's and/or XYZ Corp.'s business when they caused the subject collision and proximately caused serious injuries to Plaintiff.

18.

Defendant ABC Corp. is liable under the doctrine of respondeat superior for the harm caused to Plaintiff by the wrongful acts of its employee, Defendant Gideon, who was acting in the scope and course of her employment with Defendant ABC Corp., and during the actual transaction of Defendant ABC Corp.'s business when she caused the subject collision and proximately caused serious injuries to Plaintiff.

19.

Defendants CT&E and XYZ Corp. are liable to Plaintiff because they negligently entrusted their vehicle to Defendant Becker and/or John Doe 2, when Defendants Becker and/or John Doe 2 were not properly suited to drive the vehicle, proximately causing injuries to Plaintiff, and because Defendants CT&E and XYZ Corp. failed to properly hire, train, retain, and supervise their employees so that they would not cause harm to persons such as Plaintiff, proximately causing injuries to Plaintiff.

20.

Defendant ABC Corp. is liable to Plaintiff because it negligently entrusted its vehicle to Defendant Gideon when Defendant Gideon was not properly suited to undertake the responsibilities of escorting an oversized vehicle, proximately causing injuries to Plaintiff, and because Defendant ABC Corp. failed to properly hire, train, retain, and supervise its employees so that they would not cause harm to persons such as Plaintiff, proximately causing injuries to Plaintiff.

21.

Defendants are negligent per se because (1) their acts and/or the acts of their employees were in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles, (2)

the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Plaintiff is a member of the class intended to be protected by said laws, and (4) the violation of said laws proximately caused Plaintiff's injuries.

22.

Defendants knew or should have known that operating a vehicle, specifically an oversized tractor-trailer, on an improper roadway while improperly loaded and improperly equipped and while its driver was not properly suited to drive it and while improperly escorted would result in harm to the individuals who would be affected by the operation of said vehicle.

23.

Defendants knew or should have known that negligently entrusting their vehicles, specifically an oversized tractor-trailer and an escort vehicle, to employees who were not properly suited to operate them would result in harm to the individuals who would be affected by said employees, yet Defendants still negligently entrusted their vehicles.

24.

Defendants knew or should have known that their failure to properly hire, train, retain, and supervise their employees so that they would not cause harm to persons such as Plaintiff, would result in harm to the individuals who would be affected by said employees, yet Defendants still failed to properly hire, train, retain, and supervise their employees.

25.

At all times relevant hereto, Defendants CT&E, Becker, XYZ Corp., and John Doe 2 were operating the subject tractor and trailer as motor contract carriers pursuant to O.C.G.A. § 46-7-1, *et. seq.*, O.C.G.A. § 40-2-140(c)(4), and other applicable laws.

26.

Plaintiff brings this action against Defendant Cherokee on a contract of insurance pursuant to O.C.G.A. § 46-7-1, *et. seq.* and other applicable law. The underlying tort claims possessed by Plaintiff arise as a result of a motor vehicle collision and are against Defendant Cherokee's insureds, Defendants CT&E, Becker, XYZ Corp., and John Doe 2.

27.

On April 19, 2006, at the time of the subject collision, Defendant Cherokee had a policy of insurance in effect, designated as policy number CA050258, that provided insurance coverage for the motor carrier operations of Defendants CT&E, Becker, XYZ Corp., and John Doe 2 and specifically listed the above-mentioned 1985 Peterbilt Tractor.

28.

Plaintiff elects to avail himself of the procedure set forth under O.C.G.A. § 46-7-12 and O.C.G.A. § 40-2-140(c)(4) and other applicable laws that permit joinder of Defendant Cherokee as a direct defendant.

29.

Defendant Cherokee is liable to Plaintiff based on the above-referenced contract of insurance insuring Defendants CT&E, Becker, XYZ Corp., and John Doe 2 pursuant to O.C.G.A. § 46-7-1, *et seq.*

## JOINT AND SEVERAL LIABILITY

30.

The combined acts of Defendants CT&E, Becker, ABC Corp., XYZ Corp., Gideon, and John Doe 2, including, but not limited to, driving, assisting in driving, and/or escorting an oversized load

on an improper roadway, were reckless, negligent, and negligent per se and proximately caused Plaintiff's injuries and damages, and Defendants are jointly and severally liable for Plaintiff's injuries and damages.

## DAMAGES

31.

Defendants' recklessness, negligence, and negligence per se proximately caused injuries to Plaintiff which caused him tremendous pain and suffering, and Plaintiff seeks recovery from Defendants for all damages to which he is entitled.

32.

As a result of Defendants' recklessness, negligence, and negligence per se, Plaintiff sustained personal injuries, special damages, and general damages for which he is entitled to be compensated by Defendants.

33.

As a direct and proximate result of Defendants' intentional acts, negligence, and negligence per se, Plaintiff has incurred medical expenses in excess of $513,317.04, the exact amount to be proven at trial.

34.

As a direct and proximate result of Defendants' intentional acts, negligence, and negligence per se, Plaintiff has lost wages in excess of $77,212.00, the exact amount to be proven at trial.

35.

As a direct and proximate result of Defendants' intentional acts, negligence, and negligence per se, Plaintiff will continue to suffer both general and special damages in the future, including

expenses for future medical treatment, the exact amount to be proven at trial.

36.

By engaging in the above-described conduct, each Defendant (other than Defendant Cherokee) acted in an intentional, malicious, fraudulent, reckless, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of each Defendant is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. § 51-12-5.1 to penalize and punish each Defendant for his or its misconduct and to deter each Defendant from engaging in such aggravating and fraudulent conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

37.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE Plaintiff prays for the following relief:

(a)   Summons and Complaint be served upon Defendants according to the law;

(b)   Plaintiff recovers from Defendants jointly and severally a sum of damages to compensate for Plaintiff's injuries and damages, including, but not limited to, past and future medical expenses; past and future lost wages; and past, present, and future pain and suffering as aforesaid;

(c)   Judgment be rendered against Defendant Custom Truck And Equipment, Inc. for punitive damages to deter like or similar conduct in the future;

(d)   Judgment be rendered against Defendant Robert Joseph Becker for punitive damages to deter like or similar conduct in the future;

(e)   Judgment be rendered against Defendant Cherokee Insurance Company based on its contract of insurance;

(f)   Judgment be rendered against Defendant Gideon for punitive damages to deter like or similar conduct in the future;

(g)   Judgment be rendered against Defendant John Doe 2 for punitive damages to deter like or similar conduct in the future;

(h)   Judgment be rendered against Defendant ABC Corp. for punitive damages to deter like or similar conduct in the future;

(i)   Judgment be rendered against Defendant XYZ Corp. for punitive damages to deter like or similar conduct in the future;

(j)   Plaintiff be awarded prejudgment interest on all damages as allowed by law;

(k)   Interest on the judgment be awarded at the legal rate from the date of judgment;

(l)   All costs of this action be taxed against Defendants; and

(m)   Plaintiff have any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each claim for which he has a right to a jury.

[SIGNATURE ON FOLLOWING PAGE]

/s/ Ben C. Brodhead

| | |
|---|---|
| Brodhead Law, LLC | Ben C. Brodhead, Esq. |
| 3350 Riverwood Parkway | Georgia State Bar No. 084127 |
| Suite 2230 | *Attorney for Plaintiff,* |
| Atlanta, GA 30339 | *Timothy Van Kirk* |
| (404) 846-0100 | |